## *In re* BERNHARD.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

1. CONTEMPT—WHAT CONSTITUTES—DISOBEYING FINAL DECREE OF SURROGATE'S COURT.
   Under Code Civil Proc. § 2555, providing for the punishment for contempt for the neglect to obey a decree of a surrogate's court; and section 2550, providing that "the final determination of the rights of the parties to a special proceeding in a surrogate's court is styled indifferently a final order or decree,"—an order directing an executor to pay a claim of a judgment creditor of the estate is a decree, upon the disobedience of which contempt proceedings may be based.[1]

2. SAME—ORDER OF COMMITMENT—IMPOSING FINE, WITH INTEREST.
   An order of commitment in contempt proceedings imposing a fine of $4,345, with interest from December 22, 1886, is sufficiently specific, without stating the rate of interest; that being fixed by law.

3. SAME—ORDER OF COMMITMENT—SURPLUSAGE—WHAT IS.
   In a commitment for contempt, reciting that the court is satisfied that the party has been guilty of contempt, "in that she has wholly neglected and refused to obey the said order of this court made and entered on the 22d day of December, 1886, and the repetition of said order made in said decision of January 28, 1887," the foundation of the proceeding being the order of December 22, 1886, the reference to the decision of January 28, 1887, is mere surplusage.

4. SAME—COMMITMENT—ADJUDICATION OF INJURY TO CLAIMANT.
   A commitment for contempt for the disobedience of an executrix of an order directing her to pay a certain claim contained a recital that the surrogate adjudged that her contempt in so doing "was calculated to and actually did and still does wholly defeat, impair, and prejudice the rights and remedies" of the claimant. *Held*, that this was an adjudication that the claimant had suffered loss or injury, and been damaged to the entire amount of her claim.

5. COSTS—TRIAL FEE—DEMURRER TO RETURN ON HABEAS CORPUS.
   A demurrer having been interposed to the return of the sheriff to a writ of *habeas corpus*, and the case decided on the demurrer, it is proper to tax a trial fee of $20, as upon the trial of an issue of law; but it is improper to tax costs before notice of trial.

6. EXECUTORS AND ADMINISTRATORS—PROBATE PRACTICE—MOTION TO VACATE ORDER FOR PAYMENT BY EXECUTRIX.
   An order was entered in the surrogate's court, by consent of the parties, providing for the dismissal of a petition for the payment of a judgment obtained by petitioner against the executrix if, within a specified time, the latter filed a proper undertaking on her appeal from the judgment, and the sureties thereon justified, and if these conditions were not fulfilled, that the prayer of the petition be granted. The undertaking was not filed, nor was any payment made on account of the claim, but, after an order of the surrogate directing its payment, and a second order providing that, unless the payment was made within 10 days, the executrix should be punished for contempt, the executrix moved to vacate the order for payment, and also for leave to account. The affidavits on this motion did not positively and satisfactorily show that she had no money or property in her possession nor under her control sufficient to satisfy the claim. *Held*, that it was not error for the surrogate to deny this last motion.

Appeals from special term, New York county, and surrogate's court, New York county.

Application by Johanna Bernhard, a judgment creditor, for the payment of her claim against the estate of David McMaster, deceased, upon the appeal of Mary G. Muir, executrix. Four appeals by Mary G. Muir: (1) From an order of the surrogate's court adjudging her guilty of contempt; (2) from an order of the supreme court, special term, in *habeas corpus* proceedings, remanding the appellant to the custody of the sheriff; (3) from an order of the supreme court, special term, denying a motion for a retaxation of costs in said *habeas corpus* proceedings; (4) from an order of the surrogate's court denying a motion to vacate certain orders of the same court relating to the payment of the claim of the petitioner, Johanna Bernhard.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

[1] For a discussion of the subject of contempt of court, see note to In re Cary, 10 Fed. Rep. 629–633. See, also, Watson v. People, (Colo.) 16 Pac. Rep. 329; State v. Irwin, (W. Va.) 4 S. E. Rep. 413; O'Bear v. Little, (Ga.) Id. 914; Sears v. Starbird, (Cal.) 16 Pac. Rep. 531; Rottman v. Bartling, (Neb.) 37 N. W. Rep. 668.

*Alexander Thain*, for appellant.    *Roger Foster*, for respondent.

BARTLETT, J. Mary G. McMaster, now Mary G. Muir, and Mary S. Mc-Master, now deceased, were the executrices of the last will and testament of David McMaster. Johanna Bernhard, a creditor of his estate, who had obtained a judgment against the executrices in the superior court of the city of New York, instituted a proceeding by petition to obtain from the surrogate a final order or decree directing them to pay her claim. Upon the return of the citation, the executrices appeared by their attorney; and an order was made June 28, 1886, providing, in substance, that the application should be dismissed if, within a specified time, the executrices filed a proper undertaking upon their appeal in the superior court from the judgment taken against them therein, and if the sureties upon such undertaking duly justified; but, if these conditions should not be complied with, it was ordered that the prayer of the petitioner, Johanna Bernhard, be granted. This order was made by consent. No sufficient undertaking on appeal appears to have been filed, nor was any payment made on account of the petitioner's claim, and on November 24, 1886, the petitioner obtained an order from the surrogate requiring Mary G. McMaster, as executrix, to show cause why she should not be punished for contempt of court. On the return of this order to show cause, the surrogate denied the motion to punish for contempt, but, by an order or decree made on December 22, 1886, he directed Mary G. McMaster, as executrix aforesaid, to pay to Johanna Bernhard $4,345.16, being the amount of her claim, with interest. She failed to comply with that order, and thereupon the surrogate granted a new order that she show cause why she should not be punished for contempt. After a hearing upon the return of this second order to show cause, the surrogate filed a written decision on January 28, 1887, in which he declared that unless the said executrix should comply with the direction to pay, contained in the aforesaid order of December 22, 1886, within 10 days after notice of such decision, she must be committed for contempt. Subsequently, on April 11, 1887, upon proof that no part of the petitioner's claim had been paid, the surrogate granted an order of commitment, from which the first appeal has been taken. The order of December 22, 1886, directing the payment of the petitioner's claim, is the foundation of this proceeding to punish the appellant for contempt. Her counsel contends that it is not a decree, and that no contempt proceedings can be based upon it, inasmuch as the Code provides only for the enforcement of decrees in this manner. Code Civil Proc. § 2555. We think this order, however, falls within the definition of a decree. Code Civil Proc. § 2550. It is a final determination of the rights of the parties to a special proceeding in a surrogate's court. The special proceeding here was instituted by the petition of a creditor to compel the payment of her claim under section 2717 of the Code, and was brought to a termination by the order in question, which is, to all intents and purposes, a decree of the surrogate directing the payment of money.

The other points argued in behalf of the appellant relate, not to this final order or decree, which was the basis of the contempt proceedings, but to the order of the commitment itself. The fine imposed is $4,345, with interest from December 22, 1886. It is insisted that the commitment is defective, because this statement of the amount required to be paid by the appellant is too indefinite. We think the commitment is sufficiently specific in this respect. All that can fairly be required, in the interest of the person against whom the commitment is issued, is that it shall distinctly apprise him of the sum he must pay in order to secure his release. The rate of interest being fixed by law, he has nothing to do but to compute the amount at that rate from the date given in the commitment up to the date upon which he makes payment, if he desires to comply with the mandate, and thus be discharged from imprisonment. The commitment recites that the surrogate's court is satisfied

that the appellant has been guilty of contempt, "in that she has wholly neg-
lected and refused to obey the said order of this court made and entered on the
22d day of December, 1886, and the repetition of said order made in said de-
cision of January 28, 1887." This language is criticised on the ground that
no authority exists in a surrogate's court to punish any one for not obeying a
"decision." The decision thus mentioned was a memorandum in writing
whereby the surrogate, in effect, gave the executrix additional time within
which to comply with his previous order for the payment of the petitioner's
claim. It is true, there was no necessity for reciting it in the commitment,
but the reference to it is merely surplusage, and wholly harmless to the ap-
pellant. The only other objection to the order of commitment which requires
notice is the point that there is no adjudication that the petitioner has suf-
fered any loss or injury whatever by reason of the appellant's misconduct.
This objection is not tenable. In the special proceeding before the surrogate,
the petitioner claimed, and was awarded by the surrogate, $4,345.16. The
executrix neglected and refused to pay this amount, and the surrogate adjudged
that her contempt in so doing "was calculated to and actually did and still
does wholly defeat, impair, impede, and prejudice the rights and remedies of
Johanna Bernhard" in said proceeding. If the petitioner's rights and reme-
dies were thus wholly defeated, it followed that she was damaged to the en-
tire amount of her claim. *Clark* v. *Bininger,* 75 N. Y. 344, 352.

The points made by the appellant upon her appeal from the order of Mr.
Justice DONOHUE in the *habeas corpus* proceeding, overruling her demurrer
therein, and remanding her to the custody of the sheriff, are substantially the
same as those already considered in reference to the order of commitment, and
need not be further discussed. Mr. Alexander Thain, the attorney for the
executrix, was the petitioner in this *habeas corpus* proceeding. By the final
order therein, costs were awarded against the executrix. These costs were
taxed before the clerk, and a motion for retaxation was made in the supreme
court at special term in behalf of the executrix, and was denied. An appeal
from the order made on this motion is also before us. Objection is made to
two items in the bill of costs, $10 costs before notice of trial, and $20 as a
trial fee for the trial of an issue of law. As a demurrer was interposed to the
return of the sheriff to the writ of *habeas corpus,* and the case was disposed
of upon this demurrer, the proceeding was analogous to the trial of an issue
of law, and a similar trial fee was properly taxed. The costs before notice of
trial, however, should not be allowed, as there was no notice of trial of the
demurrer, strictly speaking, or anything resembling such notice.

The fourth appeal by the executrix remains to be considered. After the
order of the surrogate's court had been made for the payment of the claim of
Johanna Bernhard, and after the surrogate had filed his memorandum saying
that the appellant herein must be punished for contempt unless she complied
with the direction of that order within 10 days, the executrix moved to vacate
the order for payment, and also moved for leave to account in the surrogate's
court. This motion was denied, and from the order denying it the executrix
also appeals. If, in the affidavits read upon this motion, the executrix had
shown positively and satisfactorily that there was no property in her posses-
sion or under her control sufficient to satisfy the petitioner's claim, the appli-
cation might well have been granted; but, under all the circumstances dis-
closed by the papers, we are unable to say that the surrogate was wrong in
denying it. The fact should not be overlooked that when both parties first
came before the court, and the first order was made in this proceeding, the at-
torney for the executrices consented that the prayer of the petitioner for the
payment of the claim should be granted, unless a proper undertaking was
given in the superior court suit within the time specified in that order, and
that such an undertaking never was given.

Our conclusions are that both orders of the surrogate's court should be af-

firmed; that the order of the supreme court in *habeas corpus* proceedings, remanding the appellant to the custody of the sheriff, should also be affirmed; and that the order of the special term denying the appellant's motion to retax costs should be modified so far as to direct the clerk to strike out $10 from the bill of costs as taxed, and, as thus modified, should be affirmed.    The respondent may have her disbursements in all four cases; but, inasmuch as the four appeals were argued as one, only the costs of one appeal will be allowed.

VAN BRUNT, P. J., and DANIELS, J., concur.